# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-362-RJC

| | |
|---|---|
| LARRY DEAN LOWRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRAD A. PERRITT, Administrator, ) | |
| Lumberton Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the court on Respondent's Motion to Dismiss on Statute of Limitations Grounds before Requiring a Full Response to the Merits of Petitioner's Claims (Doc. No. 6). Also before the Court are Petitioner's Motions to Appoint Counsel, (Doc. Nos. 12: 15).

## I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on October 28, 2009, in Mecklenburg County Superior Court, the Honorable Eric L. Levinson presiding, was convicted after jury trial of possession with intent to sell or deliver cocaine and delivery of cocaine, and pled guilty to achieving habitual felon status, in cases 08 CRS 23700-01 and 65524. (Doc. No. 7-3). On November 2, 2010, the North Carolina Court of Appeals filed an unpublished opinion finding no error. State v. Lowry, 207 N.C. App. 749, 701 S.E.2d 404 (2010). Petitioner was represented at trial by Chiege O. Kalu-Okwara and on appeal by William D. Auman. Petitioner dated a pro se certiorari petition June 2, 2011, and filed it in the North Carolina Supreme Court on June 20, 2011. (Doc. No. 7-8). On August 25, 2011, certiorari was denied. (Doc. No. 7-9). Petitioner filed a pro se motion

for appropriate relief (MAR) in Mecklenburg County Superior Court on May 15, 2012. (Doc. No. 7-6). On May 23, 2012, the Honorable W. Robert Bell summarily denied the MAR. (Doc. No. 7-7).

Petitioner dated his pro se federal habeas application form on June 6, 2012, and it was stamp-filed in this Court on June 11, 2012. (Doc. No. 1). On August 22, 2012, this Court entered an Order requiring Respondent to file an Answer to the petition. (Doc. No. 3). On September 6, 2012, Respondent filed the pending motion to dismiss. (Doc. No. 6). On September 28, 2012, the Court issued a notice, under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his right to respond to the motion to dismiss. (Doc. No. 11). On October 9, 2012, Petitioner filed a brief in response to the motion to dismiss. (Doc. No. 15).

## II. ANALYSIS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

As noted, on November 2, 2010, the North Carolina Court of Appeals filed an unpublished

opinion finding no error in Petitioner's conviction and sentence. Because Petitioner did not file a timely notice of appeal and/or petition for discretionary review (PDR) to the North Carolina Supreme Court seeking review of the North Carolina Court of Appeals' November 2, 2010, opinion, Petitioner's state court judgment became final for purposes of the AEDPA one-year limitations period 35 days later on Tuesday, December 7, 2010. See N.C. R. APP. P. 14(a) and 15(b) (2011) (15 days after issuance of Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review (PDR) to Supreme Court of North Carolina); Rule 32(b) (2011) (unless court orders otherwise mandate issues 20 days after written opinion filed); see also Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598-99 (M.D.N.C. 2004) (conviction final on direct review 35 days after North Carolina Court of Appeals' opinion where petitioner does not file timely petition for discretionary review to North Carolina Supreme Court), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).

Furthermore, because Petitioner did not file a timely notice of appeal or PDR in the North Carolina Supreme Court, he did not receive an additional 90 days of tolling in order to file a certiorari petition in the U.S. Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 654 (2012) ("We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

Petitioner's one-year limitation period under 28 U.S.C. § 2244(d)(1), therefore, ran from December 7, 2010, for 365 days, until it expired on December 7, 2011. Since Petitioner dated his § 2254 petition June 6, 2012, and filed it in this Court on June 11, 2012, the petition was clearly filed outside of the one-year limitation period under § 2244(d)(1).[1]

---

[1] Furthermore, neither the state court MAR, filed on May 15, 2012, nor the certiorari petition to the North Carolina Supreme Court seeking belated review, filed on June 20, 2011,

Petitioner does not assert any ground for equitable tolling in his response brief, and the Court finds none on its own. Accordingly, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Respondent's Motion to Dismiss on Statute of Limitations Grounds before Requiring a Full Response to the Merits of Petitioner's Claims, (Doc. No. 6), is **GRANTED** and the petition is **DISMISSED** as time-barred.

(2) Petitioner's Motions to Appoint Counsel, (Doc. Nos. 12; 15), are **DENIED** as moot.

(3) It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

served to revive the already expired limitations period.

Signed: October 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge